

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 64 | DATE | October 18, 2001 |
| CASE TITLE | Moreno v. St. Francis, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for summary judgment [11-1] is granted. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 2 2 2001 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | 9/17/01 | |
| | | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

01-64.011-JCD                                          October 17, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION


OCT 22 2001

THOMAS MORENO,                )
                              )
         Plaintiff,           )
                              )
    v.                        )   No. 01 C 64
                              )
ST. FRANCIS HOSPITAL & HEALTH )
CENTER, SSM HEALTH CARE, and  )
FMH BENEFIT SERVICES, INC.,   )
                              )
         Defendants.          )

## MEMORANDUM OPINION

Before the court is defendants' motion for summary judgment. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff, Thomas Moreno, brings this action for breach of contract and for violation of the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq., which amended and is part of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff was formerly employed at defendant St. Francis Hospital & Health Center ("St. Francis"), which is located in Blue Island, Illinois. St. Francis is an operating division of defendant SSM Regional Healthcare ("SSM"). SSM administered plaintiff's COBRA dental plan. Defendant FMH Benefit Services, Inc. ("FMH") is a third-party administrator that paid benefits covered by plaintiff's dental plan.

21

The following relevant facts are taken from the parties' statements of undisputed material facts and from the complaint.[1] Plaintiff worked for St. Francis as a "unit support partner" until January 5, 1999. His job involved cleaning patient rooms and bathrooms, assisting nurses in transporting patients, stocking medical supplies, and answering telephones. After plaintiff was reprimanded and warned at times in 1998 regarding his job performance, he was placed on disciplinary probation for six months. He was then suspended in December 1998, and his failure to appear for a meeting with his supervisor on January 5, 1999 was treated as a resignation.

After his employment at St. Francis ended, plaintiff elected to continue his medical, vision, and dental care coverage pursuant to COBRA. From February 1999 to February 2000, plaintiff paid a monthly premium for single dental insurance coverage. Between June 1999 and September 1999, plaintiff or his dentist submitted three dental claims to FMH in the amounts of $59.00, $14.00, and $581.00, for a total of $654.00. Those claims were denied.

Plaintiff filed the instant action on January 4, 2001. Count I of the complaint is an ERISA claim for wrongful denial of dental benefits. In Count II, plaintiff alleges that St. Francis and SSM

---

[1] In his Response to Defendants' Statement of Undisputed Facts, plaintiff neither admits nor denies many of the statements of undisputed facts set forth by defendants. Rather, he attempts to explain and restate those facts and "flesh out" the story. These explanations and restatements do not constitute proper denials. Thus, where appropriate, we deem admitted those statements that are not properly controverted. See Local Rule 56.1.

breached the employment contract with him by terminating him without giving him an opportunity to reschedule the meeting with his supervisor and for failing to follow the progressive disciplinary steps set forth in St. Francis's employee handbook. As to Count I, plaintiff seeks recovery of the benefits that were denied; a declaration that defendants violated COBRA; a $100/day statutory penalty, pursuant to ERISA, from the initial refusal of COBRA coverage; prejudgment interest; and costs and attorney's fees. As to Count II, plaintiff seeks back pay and future pay, pain and suffering, and punitive damages.

Soon after plaintiff filed this action, FMH tendered a check to him for $363.50, which represents the first two dental claims paid at 100% and the third claim paid at 50% due to co-insurance. Plaintiff has thus received all monies due to him under the dental insurance policy, and he does not dispute this. (Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, ¶ 13.) Defendants now move for summary judgment.

## **DISCUSSION**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the

evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Talanda v. KFC Nat'l Management Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995).

### A.  Count I -- COBRA/ERISA Claim

Defendants contend that the only damages that plaintiff would be entitled to for the wrongful denial of his dental insurance claims are the actual dental fees that were initially unpaid. Because FMH has paid these fees, defendants argue that plaintiff's claim in Count I is moot. Plaintiff wholly fails to respond to this argument.[2] In addition, while plaintiff states that he has not cashed the check from FMH, he does not deny that he has

---

[2] Plaintiff does raise the new argument that he requested certain information from his plan administrator and that the administrator failed to provide such information. This is a separate issue from whether his claim for dental benefits is moot. More importantly, this claim for failure to provide information upon request is not raised in the complaint. While the complaint contains citations to various COBRA provisions, it is clear that the only claim raised therein is for wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

received all monies due to him under the dental insurance policy. (Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, ¶ 13.)

We agree with defendants that plaintiff's claim for dental benefits and declaratory relief in Count I is moot. There is no actual controversy here because plaintiff has received payment for the benefits that were initially denied, and other remedies are unavailable. See Harsch v. Eisenberg, 956 F.2d 651, 656 (7th Cir. 1992) (extracontractual compensatory and punitive damages are not available under ERISA). Because plaintiff's claim is moot, the award of prejudgment interest requested in the complaint would be inappropriate.[3]

Plaintiff argues that a $100/day statutory penalty pursuant to 29 U.S.C. § 1132(c) would be an appropriate award. However, § 1132(c) provides for such a penalty in the case of a plan administrator's failure or refusal to provide information requested by a plan participant. Here, as discussed supra note 2, the complaint does not allege that any of the defendants failed or refused to provide any requested information. Thus, the statutory penalty is not an available remedy.

---

[3] In addition, plaintiff does not argue for either award in his response to defendants' motion.

## B. <u>Count II -- Breach of Contract Claim</u>

Defendants argue that no employment contract between them and plaintiff existed. Plaintiff contends that St. Francis's employee handbook created an employment contract, citing <u>Duldulao v. Saint Mary of Nazareth Hospital Center</u>, 115 Ill. 2d 482, 505 N.E.2d 314 (1987), without elaboration or additional explanation.

Plaintiff's argument is without merit. It is true that, under <u>Duldulao</u>, an employee handbook or other statement may be considered to confer contractual rights, but only if three classic contractual requirements are met. <u>See</u> <u>id.</u>, 115 Ill. 2d at 490, 505 N.E.2d at 318. First, the language of the handbook or statement must contain a promise clear enough that an employee would reasonably believe it to be an offer. Second, it must also be shown that the employee received the statement, was aware of the language, and believed it to be an offer. Third, there must also be some act constituting acceptance of the offer, such as commencing or continuing to work upon learning of the statement. <u>See</u> <u>id.</u> Plaintiff has not shown that the provisions of St. Francis's employee handbook contain language constituting an offer.

Moreover, the Seventh Circuit has held that clear and forthright language in an employee handbook disclaiming contract formation is a complete defense to a suit for breach of contract based on an employee handbook. <u>See</u> <u>Workman v. United Parcel Service, Inc.</u>, 234 F.3d 998, 1000 (7th Cir. 2000) (holding that a

disclaimer that "this Policy Book is not a contract of employment and does not affect your rights as an employee" to be "clear and forthright" and thus a complete defense to a breach of contract claim). Here, the St. Francis employee handbook explicitly states that "neither this handbook nor any other policy, rule, procedure, practice, or form is intended or should be construed as any sort of contract, express or implied, or as creating any contractual rights." (Defendants' Local Rule 56.1(a)(1) Appendix, St. Francis Employee Handbook, Ex. P, at 6.) In addition, the handbook states that "[e]mployees covered by this handbook are employees-at-will. This means that either you or [St. Francis] can terminate your employment." (Id.) These statements are clear and forthright and preclude the formation of a contract.[4] Therefore, we grant defendants' motion for summary judgment with respect to Count II.

## CONCLUSION

For the reasons explained above, defendants' motion for summary judgment is granted.[5]

---

[4] It is undisputed that during the course of plaintiff's employment, he signed acknowledgment forms in 1982, 1984, 1986, 1993, and 1996, which stated that he read and understood the provisions of the employee handbook. The 1996 Handbook is the most recent handbook governing employees of St. Francis. (Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, ¶ 16.)

[5] We leave it to plaintiff to decide whether to petition for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).

DATE:     October 17, 2001

ENTER:    _____
          John F. Grady, United States District Judge