Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 64 | **DATE** | January 31, 2002 |
| **CASE TITLE** | Moreno v. St. Francis Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for attorneys' fees and costs [34-1] is granted. We award defendants $2,000.00 in attorneys' fees and $1,504.08 in costs, for a total of $3,504.08, to be assessed against plaintiff's counsel. Payment shall be made by April 30, 2002. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | FEB 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | 02 FEB -1 PM 4:32 | docketing deputy initials | |
| | Copy to _____ | FILED 10 | date mailed notice | |
| | KAM courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THOMAS MORENO, )
)
      Plaintiff, )
)
      v. )   No. 01 C 64
)
ST. FRANCIS HOSPITAL & HEALTH )
CENTER, SSM HEALTH CARE, and )
FMH BENEFIT SERVICES, INC., )
)
      Defendants. )

DOCKETED
FEB - 4 2002

## MEMORANDUM OPINION

Before the court is defendants' motion for attorneys' fees. For the reasons stated below, the motion is granted.

## BACKGROUND

We described the facts of this case in an earlier opinion:

> Plaintiff, Thomas Moreno, brings this action for breach of contract and for violation of the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq., which amended and is part of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff was formerly employed at defendant St. Francis Hospital & Health Center ("St. Francis"), which is located in Blue Island, Illinois. St. Francis is an operating division of defendant SSM Regional Healthcare ("SSM"). SSM administered plaintiff's COBRA dental plan. Defendant FMH Benefit Services, Inc. ("FMH") is a third-party administrator that paid benefits covered by plaintiff's dental plan.
>
> The following relevant facts are taken from the parties' statements of undisputed material facts and from the complaint. Plaintiff worked for St. Francis as a "unit support partner" until January 5, 1999. His job involved cleaning patient rooms and bathrooms, assisting nurses in transporting patients, stocking medical

36

supplies, and answering telephones. After plaintiff was reprimanded and warned at times in 1998 regarding his job performance, he was placed on disciplinary probation for six months. He was then suspended in December 1998, and his failure to appear for a meeting with his supervisor on January 5, 1999 was treated as a resignation.

After his employment at St. Francis ended, plaintiff elected to continue his medical, vision, and dental care coverage pursuant to COBRA. From February 1999 to February 2000, plaintiff paid a monthly premium for single dental insurance coverage. Between June 1999 and September 1999, plaintiff or his dentist submitted three dental claims to FMH in the amounts of $59.00, $14.00, and $581.00, for a total of $654.00. Those claims were denied.

Plaintiff filed the instant action on January 4, 2001. Count I of the complaint is an ERISA claim for wrongful denial of dental benefits. In Count II, plaintiff alleges that St. Francis and SSM breached the employment contract with him by terminating him without giving him an opportunity to reschedule the meeting with his supervisor and for failing to follow the progressive disciplinary steps set forth in St. Francis's employee handbook. As to Count I, plaintiff seeks recovery of the benefits that were denied; a declaration that defendants violated COBRA; a $100/day statutory penalty, pursuant to ERISA, from the initial refusal of COBRA coverage; prejudgment interest; and costs and attorney's fees. As to Count II, plaintiff seeks back pay and future pay, pain and suffering, and punitive damages.

Soon after plaintiff filed this action, FMH tendered a check to him for $363.50, which represents the first two dental claims paid at 100% and the third claim paid at 50% due to co-insurance. Plaintiff has thus received all monies due to him under the dental insurance policy, and he does not dispute this.

Memorandum Opinion at 1-3 (October 17, 2001) (citations and footnote omitted). Defendants moved for summary judgment, which we granted. We held that plaintiff's ERISA claim was moot because he had received payment of his benefits, the only relief to which he was entitled. We also held that there was no genuine issue of material fact as to Count II because there was no employment

contract between plaintiff and defendants. Defendants now move for an award of attorneys' fees and costs.

## **DISCUSSION**

The defendants' motion is made pursuant to ERISA's fee-shifting provision, 29 U.S.C. § 1132(g)(1). That section provides: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

In determining whether fees are appropriate, we may apply one of two tests recognized by the Seventh Circuit. The first test, which the parties here appear to use, requires a determination of whether the losing party's position was "substantially justified." Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co., 57 F.3d 608, 616 (7th Cir. 1995). Under this standard, we may decline to award fees and costs if we find that (1) the losing party's position had a reasonable or "solid" basis in law and fact; or (2) special circumstances make an award unjust. See id. (citing Bittner v. Sadoff & Rudoy Indus., 728 F.2d 820, 830 (7th Cir. 1984)). The second test requires consideration of the following factors:

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the [benefits] plan as a whole; and (5) the relative merits of the parties' positions.

Harris, 57 F.3d at 617 n.5. We will apply the second test because it is more comprehensive and provides a better framework for the circumstances of this case. In any event, the Seventh Circuit has indicated that the two tests involve essentially the same inquiry. See Quinn v. Blue Cross & Blue Shield Ass'n, 161 F.3d 472, 478 (7th Cir. 1998).

First, we address the most important factor, the merits of the parties' positions. For the most part, plaintiff's position in this case regarding his ERISA claim in Count I had little to no merit. Granted, plaintiff received the monies due to him under his dental insurance policy only after filing suit. But after he received that payment, the continued prosecution of his ERISA claim was unreasonable; as we explained in our earlier opinion, he had received all the relief to which he was entitled. Defendants were forced to file a summary judgment motion. As for Count II of the complaint, we held that plaintiff's claim for breach of employment contract was wholly without merit. Under crystal-clear Illinois and Seventh Circuit case law, the employee handbook at issue did not confer contractual rights and contained clear and forthright language specifically disclaiming contract formation. Because there was no justification for plaintiff to maintain this suit after his benefits were paid, we hold that defendants are entitled to an award of attorneys' fees under 29 U.S.C. § 1132(g)(1).

The next question is how much to award; the remaining factors of the test are relevant to this issue. The fourth factor, the amount of benefit conferred on members of the [benefits] plan as a whole, has little relevance here because plaintiff brought suit simply on his own behalf to recover unpaid benefits. The first factor, "bad faith," is closely related to the merits of the parties' positions. While plaintiff's position during most of these proceedings was not substantially justified, we do not believe that plaintiff or plaintiff's counsel exhibited "bad faith" in the sense of maliciousness. Plaintiff's position simply did not have a solid basis. See Production & Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1405 (7th Cir. 1992) (distinguishing "subjective bad faith" from a position without a solid basis).

Plaintiff's briefs address the second factor of the test, the offending party's ability to personally satisfy an award of attorneys' fees, by pointing out that Moreno has meager assets and would not be able to pay the $36,122.50 requested by defendants. However, Moreno's financial circumstances are irrelevant because we consider the offending party here to be his counsel. Counsel for plaintiff--not plaintiff himself--should have known that the position he took after February 2001 did not have a reasonable basis. While we do not have specific financial information regarding counsel's ability to satisfy an award of attorneys' fees,

- 6 -

it appears that he is a sole practitioner. See <u>Little v. Cox's Supermarkets</u>, 71 F.3d 637, 644 (7th Cir. 1995) (affirming district court's award of fees against both a party and party's counsel where district court considered the fact that counsel was a sole practitioner). This factor weighs in favor of awarding a fee that is much less than the one requested by defendants.[1] Moreover, we must consider the third factor of the test, whether an award of attorneys' fees would deter future similar conduct. The answer to this question is clearly "yes" in this case, but the more useful inquiry asks what is the appropriate <u>amount</u> of attorneys' fees that would achieve the purpose of deterrence without going overboard. Cf. <u>Harding Univ. v. Consulting Servs. Group, L.P.</u>, 48 F. Supp. 2d 765, 772-73 (N.D. Ill. 1999) (discussing deterrence in the context of Rule 11; stating that the least severe sanction adequate to serve the purpose should be imposed).

Accordingly, we exercise our discretion under 29 U.S.C. § 1132(g)(1) and assess against plaintiff's counsel a portion of defendants' attorneys' fees in the amount of $2,000.00, as well as the entire amount of defendants' costs, $1,504.08.[2] We recognize that this award will not wholly compensate defendants for the harm

---

[1] If we were applying the first formulation of the test for determining the appropriateness of attorneys' fees, this might be considered a "special circumstance" making an award of attorneys' fees for the full amount requested unjust.

[2] Plaintiff does not take issue with any part of defendants' bill of costs, and we find that those costs are reasonable.

- 7 -

caused by plaintiff's counsel, but we must keep in mind that the primary purpose of § 1132(g)(1) is the protection of plan beneficiaries, see <u>Loving v. Pirelli Cable Corp.</u>, 11 F. Supp. 2d 480, 498 (D. Del. 1998), not make-whole compensation.

**CONCLUSION**

For the reasons stated above, defendants' motion for attorneys' fees and costs is granted. We award defendants $2,000.00 in attorneys' fees and $1,504.08 in costs, for a total of $3,504.08, to be assessed against plaintiff's counsel. Payment shall be made by April 30, 2002.

DATE: January 31, 2002

ENTER: _____
John F. Grady, United States District Judge